LOVINIA D. ROBINS, as Ancillary Administratrix, etc., of C. PALMER ROBINS, Also Known as C. PALMER ROBBINS, Deceased, Appellant, *v.* E. LORETTA JENKINS, Respondent, Impleaded with Another, Defendant.

*Fraudulent conveyances — voluntary °conveyance while grantor is indebted is presumptively fraudulent.*

Appeal from a judgment of the Supreme Court in favor of the respondent, entered in the New York county clerk's office May 28, 1926, upon the decision of the court rendered after trial at the New York Special Term.

PER CURIAM. It is clear that the principle of law applicable to this case is that stated in *Smith* v. *Reid* (134 N. Y. 568, 575), where it is said: " The rule is well settled that a voluntary conveyance by one indebted at the time is presumptively fraudulent," and that the property must be held subject to the payment of the debts. The balance, therefore, after paying the debts, belongs to the defendant Jenkins. As Mr. Justice Story put it: " Satisfy the creditors and the conveyance stands." (Story Eq. Juris. [5th ed.] § 361.) The judgment appealed from should, therefore, be modified and judgment granted to the plaintiff

directing that the amount received from the notes as they fall due shall be deposited with the chamberlain of the city of New York, to be subject to the further order of the court herein or of the Surrogate's Court of the county of New York, to enable the administratrix, in the event that there be not assets of the estate sufficient to pay the decedent's debts in full, to charge against said sum the due proportion sufficient to pay the debts of. the deceased as between this sum and any other assets left by the deceased, and thereafter to pay the balance of said sum to the defendant E. Loretta Jenkins, with interest thereon, less the lawful commissions of the chamberlain of the city of New York, and as so modified affirmed, without costs. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ. Judgment modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.